CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
JIM W. FANG
Assistant United States Attorney
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101
Phone: 702-388-6336
Email: jim.fang@usdoj.gov
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-mj-333-BNW |
| Plaintiff, | **Stipulation to Continue the Preliminary Hearing (Fourth Request)** |
| v. | |
| BREON DANTE MIMS, | |
| Defendant. | |

It is hereby stipulated and agreed, by and between Christopher Chiou, Acting United States Attorney, through Jim W. Fang, Assistant United States Attorney, and Jawara Griffin, Assistant Federal Public Defender, counsel for defendant Breon Dante Mims, that the preliminary hearing in the above-captioned matter, previously scheduled for November 16, 2021, at 4:00 p.m., be vacated and continued until a time convenient to the Court, but no earlier than January 18, 2022.

1. Federal Rule of Criminal Procedure Rule 5.1(d) provides that "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases—a magistrate judge may extend the time limits [for preliminary hearings] one or more times." Here, the parties desire to explore the

1  potential to resolve this matter before defendant is formally charged by a criminal
2  indictment.
3      2.   In that regard, the government has provided defense counsel with limited
4  Rule 16 discovery in order to facilitate pre-indictment resolution and has made a plea offer
5  to defendant. Defense counsel has requested more time to review the discovery and discuss
6  the plea offer with his client to decide whether to accept the offer or procced to a
7  preliminary hearing or indictment, which the government consents.
8      3.   This continuance is not sought for the purposes of delay, but to allow defense
9  counsel an opportunity to examine the merits of this case before a potential resolution can
10 be reached between the parties.
11     4.   Defendant is not in custody and agrees to the continuance.
12     5.   Denial of this request could result in a miscarriage of justice, and the ends of
13 justice served by granting this request outweigh the best interest of the public and the
14 defendants in a speedy trial.
15     6.   The additional time requested by this stipulation is excludable in computing
16 the time within which indictment must be filed pursuant to the Speedy Trial Act, 18 U.S.C.
17 § 3161(b), and considering the factors under 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv).
18     DATED this 15th day of November, 2021.

CHRISTOPHER CHIOU
Acting United States Attorney

 s/Jim W. Fang                              s/ Jawara Griffin
JIM W. FANG                                 JAWARA GRIFFIN
Assistant United States Attorney            Assistant Federal Public Defender
*Counsel for the United States*             *Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BREON DANTE MIMS,

    Defendant.

Case No. 2:21-mj-333-BNW

**FINDINGS AND ORDER**

    Based on the pending Stipulation between the defense and the government, and good cause appearing therefore, the Court hereby finds that:

    1.     The parties desire to continue the preliminary hearing to facilitate pre-indictment resolution, and the government has provided defense counsel with limited Rule 16 discovery for that purpose. Defense counsel will need additional time to review the discovery and discuss the case with his client prior to a preliminary hearing or indictment. The Court finds good cause to continue the hearing to allow the parties to reach a pre-indictment resolution.

    2.     Both counsel for defendant and counsel for the government agree to the continuance.

    3.     Defendant is not in custody and agrees to the continuance.

    4.     The continuance is not sought for the purposes of delay, but to allow the parties to reach a potential resolution before the government moves forward with further prosecution.

5. Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

6. The additional time requested by this stipulation is excludable in computing the time within which indictment must be filed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), and considering the factors under 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv).

THEREFORE, IT IS HEREBY ORDERED that the preliminary hearing in the above-captioned matter currently scheduled for November 16, 2021, at 4:00 p.m. be vacated and continued to __January 25, 2022__, at __3:30 p.m.__

DATED this __15th__ day of November, 2021.

_____
HONORABLE BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

4